**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AA SUNCOAST CHIROPRACTIC
CLINIC, P.A., PALM HARBOR-WEST
CHASE MEDICAL GROUP, P.A. d/b/a
Tampa Bay Spine Specialists, and
SPINAL CORRECTION CENTERS, INC.,
on behalf of themselves and other similarly situated,

    Plaintiffs,

v.                                                      CASE NO. 8:15-cv-2543-T-26MAP

PROGRESSIVE AMERICA INSURANCE
COMPANY, PROGRESSIVE SELECT
INSURANCE COMPANY, and
THE PROGRESSIVE CORPORATION,

    Defendants.
_____/

**O R D E R**

**BEFORE THE COURT** is Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. 32), Plaintiff's Response (Dkt. 33), and Plaintiffs' Notice of Supplemental Authority (Dkt. 34). After careful consideration of the allegations of the Second Amended Complaint (Dkt. 22), the submissions of the parties, and the applicable law, the Court concludes the motion should be denied.

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In analyzing a complaint subject to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief, the court must assume that

the factual allegations of the complaint, as opposed to legal conclusions, are true. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).[1] The second amended complaint alleges a class action brought by providers of chiropractic and medical services, as assignees of PIP benefits,[2] against a parent corporation, The Progressive Corporation, and two of its wholly-owned subsidiaries, Progressive Select Insurance Company (Progressive Select) and Progressive American Insurance Company (Progressive American).

Count One seeks declaratory and injunctive relief for a determination of rights under automobile policies issued by Progressive Select and Progressive American which provide PIP coverage under the Florida Motor Vehicle No-Fault Law. Specifically, Plaintiffs challenge the reduction of PIP policy limits from $10,000 to $2,500 through the use of a determination *after* the initial or follow-up medical services that the injured person did *not* have an emergency medical condition (EMC) at the time of the initial or follow-up medical services. Defendants have made such determinations since the 2013 effective date of section 627.736 of the Florida Statutes, and continue to make them,

---

[1] "At the motion to dismiss state, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).

[2] PIP stands for personal injury protection under section 627.736 of the Florida Statutes.

pursuant to an "EMC Peer Review" which Plaintiffs allege is in direct contravention of the statute.

Count Two alleges a breach of contract for failure to reimburse initial or follow-up services for the full $10,000 in PIP benefits on behalf of the named Plaintiffs and a subclass of Plaintiffs who have sent the demand letter in accordance with section 627.736(10), Florida Statutes.  Such failure to pay the full $10,000 was allegedly justified by a determination "after-the-fact" by non-treating physicians that the injured person did *not* suffer an EMC at the time of the initial or follow-up medical services.[3]

## THE PROGRESSIVE CORPORATION

Defendants seek to dismiss with prejudice the Defendant The Progressive Corporation as the parent corporation of the other two subsidiary Defendants.  Plaintiffs assert that they do not seek vicarious or derivative liability against the parent corporation.  They seek a direct claim against The Progressive Corporation for its own direct participation in its own wrongful policies and procedures through the direction and control of its subsidiaries.  See In re Managed Care Litig., 298 F.Supp.2d 1259, 1309 (S.D. Fla. 2003) (citing United States v. Bestfoods, 524 U.S. 51, 64-65, 118 S.Ct. 1876, 1886, 141 L.Ed.2d 43 (1998), which notes that derivative liability is distinguished from direct liability where "the alleged wrong can seemingly be traced to the parent through the

---

[3]  A determination that the injured person suffered an EMC was made at the time initial or follow-up medical services were provided.  See docket 22, paras. 75, 92 & 109.

conduit of its own personnel and management" and the parent directly participated in the wrong at issue).[4] The second amended complaint contains allegations that subsidiaries are required to use the practices, policies, and procedures of The Progressive Corporation and that the parent and subsidiaries engage in a routine and systematic practice to avoid the limitations of the amendment to the PIP statute with respect to EMC determinations.[5] Thus, Plaintiffs may proceed against The Progressive Corporation.

### COMPLAINT AS A WHOLE

Defendants argue that the theory of Plaintiffs' claim is antithetical to the policy and legislative history of the PIP statute. They assert that Plaintiffs misread the statute and their reading prohibits the Defendants from challenging the EMC determination, which is inconsistent with the legislative history. Defendants argue that permitting the insured to escape the restriction of the EMC determination "would defeat the legislative intent and policy behind the amendments, which [the Court of Appeals is] bound to honor." Robbins v. Garrison Prop. & Cas. Ins. Co., 809 F.3d 583, 588 (11th Cir. 2015).

---

[4] See also Herrara v. JFK Med. Ctr. Ltd. P'ship, 87 F.Supp.3d 1299, 1304 (M.D. Fla. 2015) (citing In re Managed Care Litig. and Bestfoods and denying motion to dismiss because parent corporation was allegedly directly involved in setting and enforcing hospital guidelines and billing practices and the subsidiaries acted with the authorization and knowledge of the parent); Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1580 (11th Cir. 1986) (holding complaint stated cause of action against parent corporation based on theory that subsidiary acted as agent of parent by executing personnel and labor relations policy established by the parent corporation).

[5] See docket 22, paras. 21, 22, 62-71, 154-156 & 173.

Robbins involved a consolidated appeal from orders dismissing complaints that sought declaratory judgment on the issue of entitlement to $10,000 PIP benefits. In Robbins, there were no EMC determinations, whereas in the case before this Court the second amended complaint alleges that EMC determinations were made by qualified medical providers in accordance with the statute. Robbins held that absent any EMC determinations, the PIP statute limits an insurer's obligation to $2,500. The issue alleged in this lawsuit has not been decided by the Eleventh Circuit or a Florida appellate court. At the motion to dismiss stage, this Court will not engage in application of statutory construction and a thorough review of legislative history absent any development of the record whatsoever. For these reasons, the Court will permit the second amended complaint to stand.

## CLASS ALLEGATIONS

Defendants seek to strike or dismiss the class allegations because they contend that PIP benefit disputes like the instant one are never the proper subject of a class action seeking declaratory or injunctive relief.[6] See, e.g., Herrara, MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co., 755 F.Supp.2d 1205 (M.D. Fla. 2010). The federal district court cases and state trial circuit court cases cited by Defendants, however, do not involve the precise claim presented in this case. Herrara dealt with a class action dispute

---

[6] The allegations of the individual claims for breach of contract in Count Two are not challenged with respect to dismissal. See docket 32, p. 1 n. 1.

regarding the reasonableness of charges for emergency radiological services, and the class action allegations were stricken and dismissed. MRI Assocs. of St. Pete also involved a class action that would have required making individual assessments of the reasonableness of medical charges. The court found that the core issue was whether the insurance companies paid 80% of the reasonable amount due for a medically necessary bill, and hence, was neither appropriate for class action nor declaratory relief. Here, rather than challenging claims-handling practices, the second amended complaint alleges unlawful coverage limits. The Court finds that it is not "readily apparent from a reading" of the second amended complaint that the requirements of Rule 23 cannot be met and it is premature in this case to attempt to do so before a motion to certify class has been filed. See Mills v. Foremost Ins. Co., 511 F.3d 1300, 1309 (11th Cir. 2008).

### DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
### (COUNT ONE)

As alleged in the second amended complaint, the three specific claims identified show compliance with respect to sending a demand letter pursuant to section 627.736(10). Defendants argue, however, that Plaintiffs have not met the condition precedent of delivering a demand letter to claim underpayment of PIP benefits with respect to the remainder of the claims. Defendants rely on MRI Assocs. of St. Pete in arguing that the demand letters are required to maintain a claim for declaratory and injunctive relief for PIP benefits. If the relief sought is a declaratory judgment, however, pre-suit notice is not required in Florida. See Bristol West Ins. Co. v. MD Readers, Inc., 52 So.3d 48

(Fla.Dist.Ct.App. 2010) (affirming certified class of magnetic resonance imaging services providers who sought reimbursement from insurer because "the plaintiff was not required to send a notice" where plaintiffs did not seek damages).[7] As Plaintiffs explain, they "seek no monetary relief on behalf of those class members that have not made a pre-suit demand for benefits."[8] Consequently, based on the allegations and representations of counsel for Plaintiffs, pre-suit notice is not required for declaratory and injunctive relief.

It is therefore **ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. 32) is **denied**. Defendants shall file their answer and defenses to the Second Amended Complaint within fifteen (15) days.

**DONE AND ORDERED** at Tampa, Florida, on February 25, 2016.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[7] "We hold [plaintiff/appellee] to its representations both to this court and to the trial court that no damages whatsoever will be sought in this action." Bristol West, 52 So.3d at 51.

[8] See docket 33, p. 14.